**RAMZY P. LADAH**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff Yoko Hinton*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YOKO HINTON<br><br>Plaintiff,<br><br>vs.<br><br>PRICE ZONE dba J & S INTERNATIONAL, ALPHA, GAS ONE and/or GAS ONE/ALPHA, a Foreign Corporation; ROE "ALPHA" MANUFACTURER, an entity of unknown origin; ROE MANUFACTURERS and/or DISTRIBUTORS; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | Case No.: 2:19-CV-00733<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

Pursuant to LR 26-3 and the scheduling order (**Doc. 8**) in this matter, Defendant PRICE ZONE d/b/a J & S INTERNATIONAL ("PRICE ZONE" or "Defendant"), incorrectly named in the caption as PRICE ZONE dba J&S INTERNATIONAL, ALPHA, GAS ONE and/or GAS ONE/ALPHA, by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and Plaintiff, YOKO HINTON ("Plaintiff") by and through her attorneys of record, of the law firm LADAH LAW FIRM (Collectively, "the Parties") hereby respectfully submit their Stipulation and Order to Extend Time for Discovery (First Request) pursuant Rules 6(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 6-1 and 26-4.

///

///

4833-6765-2269.1

This is the Parties' **First Request** for an Extension of Time, and the same is not brought for purposes of delay, but rather for the sole purpose of allowing the parties to diligently and adequately prepare their respective cases for either settlement discussions or trial.

This stipulation is brought in compliance with LR 26-4 as it is filed more than 21 days before the expiration of Plaintiff's Initial Expert Disclosure deadline. Due to certain complexities in this case the parties jointly request at 60-day extension of the deadline for initial expert disclosures, rebuttal expert disclosures, and deadline to file motion(s) to add parties or amend pleading.

**REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

The extension is sought for the following reasons:

The Parties are in the process of working together to determine whether the allegedly-defective product at issue is indeed one which was allegedly distributed by Defendant PRICE ZONE. Although Plaintiff brought this action against PRICE ZONE in good faith and based on credible information regarding the manufacturer's identity, additional information since unveiled now raises questions as to the accuracy of this original indication. Accordingly, rather than exhaust potentially needless time and resources on further discovery (particularly that relating to damages), the parties hereby request a brief extension of the current discovery deadlines so that the parties can complete their investigation of the product's identity before proceeding with additional discovery.

To date, the parties have exchanged Rule 26.1(a)(1) disclosures, and supplemented as needed. The Defendant has also propounded and Plaintiff responded to written discovery requests. Currently, Plaintiff's deposition is scheduled to be completed on December 18, 2019.

**IT IS HEREBY STIPULATED AND AGREED** to by the Parties that the discovery deadlines in this matter be continued for a period of 60 days to allow the parties additional time to complete discovery, and retain and disclose experts.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed.R.Civ.P 26(f) conference;

2. All parties have made their disclosures pursuant to Fed.R. Civ. P. 26.1(a)(1);

3. Defendant propounded written discovery on Plaintiff.

4. Plaintiff responded to Defendant's written discovery.

**SPECIFIC DESCRIPTON OF DISCOVERY THAT REMAINS TO BE DONE**

1. Continued investigation into product identification.

2. The Plaintiff's deposition is set to take place on December 18, 2019.

3. Plaintiff needs to propound written discovery.

4. Designation of expert witnesses;

5. Designation of rebuttal expert witnesses;

6. An Independent Medical Examination of Plaintiff;

7. Fact and witness depositions will be taken including the following:

   A. Plaintiff (currently set for December 18, 2019);

   B. Plaintiff's treating physicians;

   C. Defendant's FRCP 30(b)(6) witnesses;

   D. Fact witnesses; and

   E. Expert witnesses

8. Additional follow up written discovery.

The Parties are diligently moving forward with discovery. Regardless, issues with product identification necessitate an extension of discovery deadlines.

The Parties continue to diligently move forward with discovery. The Parties have completed many discovery events as enumerated above. Regardless, issues with product identification compels the parties to request an extension of discovery deadlines and now request this Honorable Court grant their joint request to move the deadline for discovery back. The

Parties propose additional Interim Status Reports be set to keep the Court apprised of Discovery progress as detailed herein.

The current deadline for Plaintiff's Initial Disclosure of Experts is discovery is Friday, December 27, 2019. Accordingly, this request is being brought more than 21 days prior to that date. Here, good cause exists because the parties have been diligent in conducting discovery, however, additional time is needed to complete product investigation essential to this matter and other related discovery. The parties are in the process of working together to resolve the product individual issues. Thus, rather than expend additional fees, costs, expert costs, and related litigation expenses, the Parties will soon be submitting their first request for an extension of discovery deadlines to give the Parties additional time to address ongoing product identification investigation issues.

## **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines be continued 60 days from their present deadlines as follows along with the addition of multiple additional joint interim status reports to keep the Court Apprised of Discovery Process:

### I. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| 1st Joint Interim Status Reports | 11/14/19 | no change |
| 2nd Joint Interim Status Report | new | 01/13/20 |
| 3rd Joint Interim Status Report | 02/14/20 | 02/14/20 (no change) |
| Amend Pleadings/Add Parties | 12/27/2019 | 2/25/2020 |
| Plaintiff's Initial Expert Disclosure | 12/27/2019 | 2/25/2020 |
| 4th Joint Interim Status Report | new | 03/03/2020 |
| Defendant's Initial Expert Disclosure | 1/27/2020 | 3/27/2020 |
| Rebuttal Expert Disclosure | 2/27/2020 | 4/27/2020 |
| 4th Joint Interim Status Report | new | 05/08/2019 |
| Discovery Cut-off | 04/29/2020 | 06/29/2020 |

| | | |
|---|---|---|
| ▪ Dispositive Motions | 05/28/2020 | 06/29/2020 |
| ▪ Joint Pretrial Order | 06/26/2020 | 08/25/2020 |

**Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26.-4.

## CONCLUSION

Based on the foregoing the Parties respectfully request that this Honorable Court approve this First Stipulation to Extend the Time for Discovery

**RESPECTFULLY SUBMITTED** this 14th day of November, 2019.

DATED this 14th day of November, 2019.     DATED this 14th day of November, 2019.

**LADAH LAW FIRM**     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Ramzy P. Ladah, Esq.*     */s/ Steven Abbott, Esq.*

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
517 S. Third Street
Las Vegas, NV 89101
Attorney for Plaintiff

**DARRELL D. DENNIS, ESQ.**
Nevada Bar #6618
STEVEN ABBOTT, ESQ.
Nevada Bar #10303
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
Attorney for Defendant

**IT IS SO ORDERED**:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: November 15, 2019